THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD HUGGARD, Appellant, v. WALTER J. FLOOD, as Warden of the Nassau County Jail, Respond-ent.— Appeal by relator from a judgment of the Supreme Court, Nassau County, entered May 16, 1973, which dismissed a writ of habeas corpus. Judgment reversed, on the law; petition for a writ of habeas corpus granted, and matter remitted to the County Court, Nassau County, for resentencing in accordance with the provisions of the Mental Hygiene Law. Relator, an admitted addict, pleaded guilty to a class A misdemeanor and was sentenced to a one-year

term in the county jail. The only permissible sentence, however, in the absence of a refusal by the Narcotic Addiction Control Commission to consent to certification (Mental Hygiene Law, § 81.27), is certification to the care and custody of said commission (Mental Hygiene Law, § 81.21, subds. [d], [e]). We agree with the sentencing court's view that certification in this case is manifestly futile and ludicrous in light of relator's past inability to accept commission supervision and benefit from its rehabilitative program, he having violated the conditions of his outpatient treatment on at least four occasions and reverted to drug usage immediately upon return to the street. We also agree that much of the blame for this anomalous situation must be placed at the door of the commission rather than the Legislature. Clearly, in enacting section 81.27 of the Mental Hygiene Law, the Legislature envisoned that the commission would rationally exercise its discretion in determining which addicts to accept for treatment, rejecting those, such as relator, who have shown no disposition whatsoever to overcome their drug problems despite repeated efforts in their behalf. In refusing to exercise its discretion in this manner, as a matter of policy, the commission itself is violating the spirit and intent of the statute; and, if it continues on this course, we believe legislative action to change the statute, vesting the necessary discretion to refuse certification in the courts rather than the commission, is warranted. Thus, our reversal in this case is based solely upon the constraint of the statute. Hopkins, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.